## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X

**ELLIOT TOBAL**,

                Plaintiff,

        -against-

**KOHLS CORPORATION**,

                Defendants.

-------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff, ELLIOT TOBAL ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel,as and for its Complaint against the Defendants, KOHLS CORPORATION (hereinafter referred to as "Defendant's"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.      Defendants are subject to, and required to abide by, the laws of the United States and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions,

regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3.      Plaintiff ELLIOT TOBAL is a resident of the State of New Jersey with an address at 568 Warren Ave, Lakewood, New Jersey 08701.

4.      Defendant KOHLS CORPORATION is a New York corporation with a corporate headquarters in Milwaukee, Wisconsin located at N56 WI7000 Ridgewood Drive (Greenway Circle) Menomonee Falls, WI 53051.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 U.S.C. Section 227 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.      On or around, March, 2016, Defendant began communicating with Plaintiff by means of an auto dialer to the Plaintiff's mobile telephone number 732 703 4310, and leaving prerecorded automated messages.

9.      Defendants' recorded messages consisted of a female voice stating: "Please call Kohl's Department Store at 1 888 814 3555" and the repeating the same direction three (3) more times before concluding the recording.

10.     On March 10, 2016, Plaintiff placed a telephone call to Defendant KOHL'S and was connected to a representative whom Plaintiff instructed to stop calling his cellular telephone number of 732 703 4310.

11.     Despite Plaintiff's request, Defendant continued to call the Plaintiff with an automated dialing system, leaving repetitive automated messages on his cell phone ordering him to call Defendant KOHL's.

12.     Defendant placed at least one hundred (100) calls to the Plaintiff after having been instructed to stop calling.

13.     Defendants' telephone calls originated from various numbers including (414) 257 2339; (262) 704 9780; (646) 650 3347; (732) 210 0738; (262) 703 1977; (903) 593 8790; and (800) 575 6457).

## FIRST CAUSE OF ACTION
### *(Violations of the TCPA)*

14.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.     According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-

recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges.  See _Breslow c. Wells Fargo Bank, N.A._ 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) _Cavero v. Franklin Collection Serv., Inc._, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her _cell phone_ to allege that he/she was charged for the call. For example, in _Manno v.Healthcare Revenue Recovery Grp., LLC_, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In _Osorio v. State Farm Bank, F.S.B._, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service,

specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and its considerable body of resultant caselaw that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

16.     With the autodialer calls to Plaintiff's telephone commencing on or about October 1, 2015 and continuing at a rate of up to one hundred and fifteen (115) times thereafter, the Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

17.     The Defendants, having been informed on March 10, 2016 that Plaintiff requested that no further calls be received,  willfully violated the TCPA at least one hundred times (100).

18.     Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "...are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:
3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

19.　　Defendants are in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

20.　　Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

21.　　Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.　　For actual damages provided and pursuant to 47 USC § (b)(A)(iii);

B.　　For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA;

C.　　A declaration that the Defendant's practices violated the TCPA;

D..　　For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:　　December 2, 2016

Respectfully submitted,

_Edward B_

_____

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

To:    KOHL'S
       N56 WI7000 Ridgewood Drive
       Greenway Circle
       Menomonee Falls, WI 53051


       *(Via Prescribed Service)*

       Clerk of the Court,
       United States District Court, District of New Jersey
       Clarkson S. Fisher Building & U.S. Courthouse
       402 East State Street Room 2020
       Trenton, New Jersey 08608

       *(Via Electronic Court Filing)*